UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **RICKY CHARLES VOCLAIN**<br>    **LA. DOC #310868**<br>**VS.** | **CIVIL ACTION NO. 6:14-cv-0628**<br><br>**SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **LAFAYETTE PARISH**<br>**CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Ricky Charles Voclain, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 6, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He was incarcerated at the River Bend Detention Center when he filed his complaint, however, he was subsequently transferred to the Bossier Medium Security Facility while his complaint was pending. He complains that he was denied appropriate mental health care when he was confined at the Lafayette Parish Corrections Center (LPCC). He sued LPCC and Dr. Bonnie praying for compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

In his original complaint, plaintiff alleged that he was an inmate at LPCC for a period of one year, however, he did not allege when the one year period of incarceration began or ended. He claimed that notwithstanding the fact that he signed all of the appropriate releases providing his diagnosis and prescriptions, LPCC refused to provide him with his mental health medication.

He faulted Dr. Bonnie and LPCC and prayed for $2 million in damages. [Doc. 1; Doc. 11]

On May 5, 2014 plaintiff was directed to amend his complaint and provide, among other things, the name of each person who violated his rights, a description of the events complained of, the date each complained of event occurred, and a description of the damage or injury he sustained. [Doc. 16]

On June 3, 2014 he responded to the amend order. He complained that he commenced his confinement at LPCC on September 30, 2011 [Doc. 19, ¶3], and that on that date Dr. Bonnie became aware that plaintiff was suffering from "... Bipolar, Paranoia Schizophrenia, Manic Depression, Psychotic Sleeping Disorder..." [*Id*., ¶ 7] He further complained that he was denied medical care and treatment by Dr. Bonnie who was following the custom of "cost prohibition" mandated by the Lafayette Parish Police Jury and others "on September 31, 2011 – through the transfer." [*Id*., ¶10] He alleged, "[i]n execution of the custom, those policies, during visits in September - October 2011, Dr. Bonnie refused to provide treatments for the conditions..." [*Id*., ¶12] Plaintiff concluded his amended complaint, "Dr. Bonnie described to Parish personal (sic) that prisoners were being denied sufficient care and that they were experiencing needlessly pain and suffering. Those yet identified person not only knew that plaintiff was suffering but disregarded those facts." [Id., ¶13]

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Limitations*

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir.

1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

As noted above, in his original complaint plaintiff alleged that he was confined at LPCC for a period of one year, however, he failed to allege when his confinement began and ended. In his amended complaint, plaintiff alleged that he was denied appropriate medical care while he was incarcerated at the LPCC during the period from September 30, 2011 – October 2011. [Doc. 1, ¶ IV; Doc. 17, ¶12] Read together, it appears that plaintiff was confined at LPCC for a period of one year starting on or about September 30, 2011 and ending sometime in October 2012.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff therefore had one year from October 2012 within which to timely file his complaint, or until some time in October 2013.  Plaintiff's complaint was signed on January 9, 2014, and then received and filed in February 2014,  clearly  beyond the 1-year period of limitations and therefore, is subject to being dismissed as frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998).  However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the

law, does not justify equitable tolling. See *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. *See Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights") According to plaintiff's original complaint, he began receiving his mental health medications within two days of his arrival at the Winn Corrections Center [Doc. 1, ¶IV] which apparently occurred in October 2012. Nevertheless, he allowed a period well in excess of one year to elapse before filing the instant complaint.

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Lafayette, Louisiana June 13, 2014.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   6/13/2014
BY:         EFA
TO:         RFD/cg